IN THE BANKRUPTCY COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| DESHAWN HAYES, | ) | Case No. 22-80454-CRJ-7 |
| *Debtor*. | ) | |
| | ) | |
| DESHAWN HAYES, | ) | Adversary 22-80223-CRJ |
| *Plaintiff*, | ) | |
| v. | ) | |
| THE HEALTHCARE AUTHORITY OF THE CITY OF HUNTSVILLE, *et al.*, | ) | |
| *Defendants*. | ) | |

**STATEMENT BY DEFENDANTS PURSUANT TO
THE COURT'S ORDER DATED JULY 27, 2022**

Come now the Defendants, Medicredit, Inc. ("Medicredit") and The Healthcare Authority of the City of Huntsville ("HACH"), and, pursuant to the Court's July 27, 2022 order (doc. 13) requiring that Defendants summarize the "new procedures implemented . . . to avoid future violations of the automatic stay," respectfully state as follows:

1. Debtor/Plaintiff DeShawn Hayes commenced this adversary proceeding to secure relief for the Defendants' alleged violations of the automatic stay imposed under section 362 of Title 11 of the United States Code (the "Bankruptcy Code").

2. The parties notified the Court they had reached a settlement in principle.

3. The Court entered its Order on July 27, 2022, requiring the parties "to file the necessary settlement documents" and "include the summary of new procedures implemented by the Defendant(s) to avoid future violations of the automatic stay."

4. As an initial matter, Medicredit emphasizes that the alleged violation of the automatic stay was not willful, because the Notice issued by the Debtor was sent to an old and unused mailing address for Medicredit and was therefore never received. As a result, Medicredit had no notice of the bankruptcy case—formal or informal, from the Debtor or otherwise.

5. To avoid "future violations of the automatic stay," Medicredit has confirmed that the address listed on all outgoing correspondence is current and correct for the receipt of all communication, including notices from the Bankruptcy Courts. With respect to this matter, Medicredit has confirmed with the United States Postal service that mail forwarding is still in place with respect to the old and unused mailing address. As an additional measure to avoid "future violations of the automatic stay" HACH has also recently signed up to receive electronic bankruptcy notifications when debtors list Medicredit as a creditor.

6. Based on these remedial measures, Defendants are confident that they are better equipped to prevent automatic stay violations in situations like the one presented in this case.

Respectfully submitted this the 20th day of September, 2022.

| | |
|---|---|
| */s/ Tazewell T. Shepard IV* | */s/Andrew M. Townsley* |
| Tazewell T. Shepard IV | Andrew M. Townsley |
| *Attorney for MediCredit* | *Attorney for HACH* |
| **SPARKMAN SHEPARD, P.C.** | **LANIER FORD SHAVER & PAYNE P.C.** |
| P.O. Box 19045 | 2101 W. Clinton Ave., Suite 102 |
| Huntsville, AL 35804 | Huntsville, AL 35801 |
| (256) 512-9924 | (256) 535-1100 |
| ty@ssmattorneys.com | AMT@lanierford.com |

## CERTIFICATE OF SERVICE

       This is to certify that I have this the 20th day of September, 2022 served the foregoing document upon John C. Larsen, *Attorney for the Plaintiff* and Andrew M. Townsley *Attorney for the Healthcare Authority for the City of Huntsville*, by electronic service through the Court's CM/ECF system.

                                              */s/ Tazewell T. Shepard IV*
                                              Tazewell T. Shepard IV