# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### NORTHERN DIVISION

IN RE DESHAWN HAYES,

    Debtor,

Bankruptcy Case Number
22-80454-CRJ-7

DESHAWN HAYES,

    Plaintiff,

v.

Adversary Proceeding No.
22-80223-CRJ

THE HEALTHCARE AUTHORITY OF
THE CITY OF HUNTSVILLE,
MEDICREDIT, INC.,

    Defendants.

## MOTION TO APPROVE COMPROMISE AND SETTLEMENT AND APPLICATION FOR APPROVAL OF ATTORNEY'S FEE

Comes Now, DeShawn Hayes (the "Debtor") with The Healthcare Authority of the City of Huntsville and Medicredit, Inc. (the "Defendants", and together with the Debtor, the "Movants") and hereby move this Court pursuant to 11 U.S.C. § 105 and Rule 9019 of the Federal Rules of Bankruptcy Procedure for the entry of an Order approving the compromise and settlement described herein. In support of the Motion to Approve Compromise and Settlement, Movants show unto the court as follows.

### JURISDICTION AND PROPOSED NOTICE

1. The Motion is being brought pursuant to 11 U.S.C. § 105 and Rule 9019(a) of the Bankruptcy Rules.
2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b). This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).
3. In accordance with Bankruptcy Rules 9019(a) and 2002, the Motion is being served on all parties-in-interest and all parties filing an appearance notice.

1

## FACTUAL BACKGROUND

4. This adversary proceeding arises from Debtor's allegations that Defendants violated the automatic stay imposed by 11 U.S.C. § 362.
5. In this adversary proceeding, Debtor alleges that Defendants violated the Automatic Stay by contacting him in an attempt to collect a prepetition debt after the bankruptcy was commenced.

## NEW PROCEDURES IMPLEMENTED BY THE DEFENDANT TO AVOID FUTURE VIOLATIONS OF THE AUTOMATIC STAY

6. See the Defendants' Supplement.

## TERMS OF THE PROPOSED SETTLEMENT

7. After negotiation, Plaintiff DeShawn Hayes and Defendants The Healthcare Authority of the City of Huntsville and Medicredit, Inc. have agreed to a compromise and settlement of the claim on the terms and conditions set forth herein.
8. The terms of the proposed settlement are as follows:
   a. Defendants shall pay to Debtor's counsel a total of $4,500.00 to settle any and all claims arising from this adversary proceeding.
   b. This amount includes all costs and fees including, but not limited to, Debtor's Attorney's fee;
   c. Pursuant to 11 U.S.C. §362(k)(1), Defendants shall pay to Debtor's counsel a total of $4,500.00 to settle any and all claims arising from this adversary proceeding. Debtor's counsel requests to retain $4,050.00 of the settlement representing 11.85 hours at an hourly rate of $450.00 and 2.05 hours at an hourly rate of $140.00 for the work performed in the preparation and prosecution of the adversary proceeding. Counsel has worked diligently on this case since June 9, 2022 and will continue to do so until the proceeding closes. Counsel has reduced his fee from $5,619.50 to $4,050.00. The Debtor requests to retain $450.00 as allowed by his exemptions. Defendants are to disburse the funds to Larsen Law, P.C. within 30 days from the date of this order. Larsen Law, P.C. will distribute the funds as set out in this motion.

## RELIEF REQUESTED

9. The parties jointly request that this Court approve the settlement that has been reached by Plaintiff DeShawn Hayes and Defendants The Healthcare Authority of the City of

Huntsville and Medicredit, Inc. in which all of the issues in the claim will be resolved as to those parties. The settlement of this claim is a result of good faith, arm's length negotiations between the respective attorneys for the parties and after a thorough review of the merits of the case.

10. The settlement of the claims in this adversary proceeding meets all applicable legal standards and is well within the range of reasonableness.

11. The approval of a compromise and settlement in a bankruptcy case is within the sound discretion of the court and will not be disturbed or modified on appeal unless approval or disapproval of the settlement is an abuse of discretion. *Rivercity v. Herpel (In re Jackson Brewing Co.)*, 624 F.2d 599, 602-603 (5th Cir. 1980). To properly exercise this discretion, the bankruptcy court must consider whether the compromise proposed "'falls below the lowest point in the range of reasonableness.'" *Anaconda-Ericsson, Inc. v. Hessen (In re Teltronics Servs. Inc.)*, 762 F.2d 185, 189 (2d Cir. 1985) (internal citation omitted).

12. The Eleventh Circuit has held a bankruptcy court must consider and evaluate the following factors:
    (a) the probability of success in the litigation;
    (b) the difficulties, if any to be encountered in the matter of collection;
    (c) the complexity of the litigation involved, and the expense, inconvenience, and delay necessarily attending the litigation; and,
    (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises. *Wallis v. Justice Oaks II Ltd. (In re Justice Oaks II Ltd.)*, 898 F.2d 1544, 1549 (11th Cir. 1990). When making an evaluation, a court must not rest its approval of the settlement on a resolution of the ultimate factual and legal issues underlying the compromised disputes. *Teltronics* at 189. Rather, the court should consider the probable outcome of the litigation, including its advantages and disadvantages, and should make a pragmatic decision based on all equitable factors. *Florida Trailer and Equip. Co. v. Deal*, 284 F.2d 567, 571 (5th Cir. 1960).

13. Federal Rule of Bankruptcy Procedure 9019 provides that, after conducting a hearing on notice to creditors, the bankruptcy court may approve a compromise and settlement. To assure a compromise is proper in a given case, the court must be apprised of the necessary facts for an intelligent, objective, and educated evaluation and compare the "terms of the compromise with the likely rewards of litigation." *Protective Comm. for Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424-425 (1968).

14. The settlement proposed in this motion meets the standard for approval under Federal Rule of Bankruptcy Procedure 9019 and is in the best interests of the bankruptcy estate. The settlement was reached after thorough analysis of the merits of the Debtor's claims

3

and the defenses of the Defendants with regard to the claims asserted in the adversary proceeding.

**WHEREFORE**, the Movants ask this Court to enter an order approving the settlement described in this motion.

/s/ *John C. Larsen*
John C. Larsen
Attorney for the Debtor/Plaintiff,
DeShawn Hayes

OF COUNSEL:
LARSEN LAW P.C.
1733 Winchester Road
Huntsville, Alabama 35811
(256) 859-3008
john@jlarsenlaw.com

4

# CERTIFICATE OF SERVICE

      The undersigned certifies that a copy of the foregoing has been served upon all creditors listed on the mailing matrix and all attorneys of record by electronic notice and/or by depositing a copy thereof in the United States Mail, properly addressed and postage prepaid, on this the 26th day of September, 2022.

John D. Ryan
Attorney for MediCredit, Inc.
SPENCER FANE LLP
1 North Brentwood Boulevard, Suite 1000
St. Louis, MO 63105
JRyan@spencerfayne.com

Tazewell T. Shepard IV
Attorney for MediCredit, Inc.
SPARKMAN, SHEPARD & MORRIS, P.C.
P.O. Box 19045
Huntsville, AL 35804
ty@ssmattorneys.com

Andrew M. Townsley
Attorney for The Healthcare Authority of the City of Huntsville
LANIER FORD SHAVER & PAYNE, P.C.
2101 W. Clinton Avenue, Suite 102
Huntsville, AL 35805
AMT@Lanier.com

      A copy was served electronically on Judith Thompson, Chapter 7 Trustee, and Richard Blythe, Bankruptcy Administrator, on this the 26th day of September, 2022.

                                                        /s/ *John C. Larsen*

| | | |
|---|---|---|
| Label Matrix for local noticing<br>1126-8<br>Case 22-80454-CRJ7<br>NORTHERN DISTRICT OF ALABAMA<br>Decatur<br>Mon Sep 26 15:49:33 CDT 2022 | PRA Receivables Management, LLC<br>PO Box 41021<br>Norfolk, VA 23541-1021 | U. S. Bankruptcy Court<br>400 Well Street<br>P. O. Box 2775<br>Decatur, AL 35602-2775 |
| ACCC Insurance Company<br>PO Box 3750<br>Alpharetta, GA 30023-3750 | Bestway Rent To Own<br>2901 Bob Wallace Ave.<br>Huntsville, AL 35805-4107 | Bureaus Investment Group<br>c/o PRA Receivables Mgmt LLC<br>P.O. Box 41031<br>Norfolk, VA 23541-1031 |
| Capital Asset Recovery<br>PO Box 192585<br>Dallas, TX 75219-8523 | CashNet USA<br>200 W Jackson Blvd., 4th Floor<br>Chicago, IL 60606-6941 | (p)SOUTHERN MANAGEMENT<br>PO BOX 1947<br>GREENVILLE SC 29602-1947 |
| Credit Now Auto<br>P.O. Box 7169<br>Huntsville, AL 35807-1169 | Divine Expressions<br>7278 Hwy 72 W<br>Ste 105<br>Madison, AL 35758-9551 | (p)EARNIN<br>ATTN LEGAL<br>200 PORTAGE AVE<br>PALO ALTO CA 94306-2242 |
| First Premier Bank<br>601 S Minnesota Ave<br>Sioux Falls, SD 57104-4868 | Jefferson Capital System LLC<br>P.O. Box 772813<br>Chicago, IL 60677-0113 | Lakeshore Loans<br>P.O. Box 764<br>Lac Du Flambeau, WI 54538-0764 |
| Little Motors<br>1802 Pulaski Pike<br>Huntsville, AL 35816-1632 | Madison Landing at Research Park<br>2002 Flagstone Dr.<br>Madison, AL 35758-1956 | Medicredit, Inc.<br>111 Corporate Office Dr<br>Suite 200<br>Earth City, MO 63045-1506 |
| National Credit Adjusters<br>PO Box 3023<br>Hutchinson, KS 67504-3023 | Regions Bank<br>PO Box 11407, Drawer 550<br>Birmingham, AL 35246-8651 | Reviver Financial, LLC<br>P.O. Box 3023<br>Hutchinson, KS 67504-3023 |
| Service Loan<br>1012 Jordan Ln NW<br>Huntsville, AL 35816-3026 | Service Loan<br>Po Box 2935<br>Gainesville, GA 30503-2935 | (p)SNAP FINANCE<br>PO BOX 26561<br>SALT LAKE CITY UT 84126-0561 |
| Stoneleigh Recovery Associates<br>P.O. Box 1118<br>Charlotte, NC 28201-1118 | Summer Place Apartments<br>2850 Wynterhall Rd. SE<br>Huntsville, AL 35803-2285 | Synchrony Bank<br>P.O. Box 960061<br>Orlando, FL 32896-0061 |
| Wells Fargo<br>PO Box 10335<br>Des Moines, IA 50306-0335 | Western Finance<br>504 Jordan Lane NW<br>Suite B<br>Huntsville, AL 35805-2604 | Western Shamrock Corp<br>801 S Abe St<br>Ste A<br>San Angelo, TX 76903-6735 |

| | | |
|---|---|---|
| DeShawn Hayes<br>4323 Baywood Dr.<br>Huntsville, AL 35805-5817 | John C. Larsen<br>Larsen Law, P.C.<br>1733 Winchester Rd<br>Huntsville, AL 35811-9190 | Judith Thompson<br>P. O. Box 18966<br>Huntsville, AL 35804-8966 |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | | |
|---|---|---|
| Covington Credit/smc<br>150 Executive Center Drive<br>Greenville, SC 29615 | Earnin<br>200 Portage Ave.<br>Palo Alto, CA 94306 | (d)Earnin<br>260 Sheridan Ave<br>Palo Alto, CA 94306 |

Snap Financial
PO Box 26561
Salt Lake City, UT 84126


The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| | |
|---|---|
| (d)PRA Receivables Management, LLC<br>PO Box 41021<br>Norfolk, VA 23541-1021 | End of Label Matrix<br>Mailable recipients    32<br>Bypassed recipients     1<br>Total                  33 |